## Maggie G. Wise et al. Admrs. of Henry Wise, Deceased, Plffs. in Err., *v.* Joseph C. Walker.

An action by the administrator of an equitable vendee of land against the vendor, for the recovery of the purchase money (the heirs of the vendee not being parties to the action), cannot be maintained without proof that the interest of the heirs has been legally devested.

(Argued May 17, 1887. Decided May 30, 1887.)

January Term, 1887, No. 259, E. D., before Mercur, Ch. J., Gordon, Trunkey, Sterrett, and Clark, JJ. Error to the Common Pleas of Lancaster County to review a judgment on a verdict for the defendant in an action of assumpsit. Affirmed.

At the trial before Patterson, J., the following facts appeared:

On October 8, 1884, Joseph C. Walker and Henry Wise entered into articles of agreement under seal, for the sale and purchase of a farm in Sadsbury township, containing 122 acres and 31 perches. Walker covenanted and agreed that he would, on or before April 1, 1885, at the cost of Wise, "his heirs and assigns, by such deeds of conveyance as he or they, or his or their counsel, learned in the law, shall advise, well and sufficiently grant, convey, and assure unto the said Henry Wise, his heirs

Note.—Formerly equitable interests in land seem to have passed to the executor or administrator as personal property. Campbell v. Rheim, 2 Yeates, 123. But the rule now is that such are chargeable only with personal property or the proceeds of a sale of real estate. Dundas's Estate, 18 Phila. 79. This is also true of growing crops, which pass to the heirs. McDowell v. Addams, 45 Pa. 430.

and assigns, in fee simple, clear of all encumbrances," the said farm. In consideration whereof, Wise, for himself, his heirs, executors, and administrators, covenanted and agreed that he would pay or cause to be paid to Walker, his heirs, executors, administrators, or assigns, "the sum of $100 per acre; total $12,-219.37½, to be paid as follows: $1,219.37½ to be paid on the signing and sealing the articles of agreement, the balance of $11,000 to be paid on or before the 1st day of April, 1885, on the delivery of a properly prepared and signed deed of conveyance,"—Walker to allow $5,000 or $6,000 to remain secured on the property at 5 per cent per annum. The $1,219.37½ was paid to said Walker as agreed upon.

The property was then in the possession of one Glick, as tenant of Walker.

On March 12, 1885, Wise died, leaving a widow and five children, all minors except Thomas G. Wise, who with his mother became administrators of the decedent, by letters granted March 25, 1885.

On April 1, 1885, Walker, accompanied by Benjamin Ellmaker, called on Mrs. Wise at her house, and in the presence of some of the children and a friend tendered her a deed, drawn under his directions, in which "the heirs" (without naming them) of Henry Wise were made grantees. Mrs. Wise expressed some doubts as to the validity of the deed drawn up in the form it was, at the same time expressing her entire willingness to complete the purchase, including the payment of the purchase money as provided in the articles of agreement. She asked, however, sufficient time to go to Lancaster, a distance of about 20 miles, to consult counsel, and return by the 7:30 train that evening. This permission was refused by Walker, and he at the same time said that they could appoint guardians over the minor children, that the deed so tendered should be then accepted or never, and that on refusal he would take possession of the property that evening, which he did.

The property had been provisionally leased by Mrs. Wise to Glick, whose term was to commence April 1, 1885. When Mrs. Wise found that Walker was both obstinate and unreasonable, she offered to take and pay for the property herself, upon Walker signing and delivering a sufficient deed to her as grantee. This offer too Walker refused, and left, taking the deed with him. Things remained in this condition until some time in the

month of May, then following, when Walker again made his appearance, and tendered the same deed. Mrs. Wise and the family, after what occurred on April 1, believed that Walker had abandoned the written agreement, and considered that the agreement was rescinded. They, therefore, refused the conveyance. On Walker's refusing to refund the $1,219.37½, which had been paid on it by Wise in his lifetime, the administrators brought this action of assumpsit on the common counts to recover it.

On the trial in the court below the plaintiffs offered to prove by a witness the fact that Glick was in the possession of the property mentioned in the agreement after the first of April, as the tenant of Mr. Walker. Rejected and exception. First assignment of error.

The plaintiffs also offered in evidence the record of a mortgage held by Samuel W. Evans against Joseph C. Walker, mortgaging the property mentioned in the agreement for $8,000, which mortgage remained open on the first of April, 1885. Rejected and exception. Second assignment of error.

The court entered a nonsuit. Third assignment of error.

And subsequently refused to take it off. Fourth assignment of error.

*B. F. Davis* and *Wm. R. Wilson,* for plaintiffs in error.—The true construction of the agreement is that while the deed shall be paid for by Wise, the purchaser, the duty of preparing it and submitting it to purchaser and his or her counsel, if required, before or at the time of tender, rested with Walker, the seller. M'Sherry v. Askew, 1 Yeates, 79; Sweitzer v. Hummel, 3 Serg. & R. 228; Callaghan v. McCredy, 48 Pa. 463; Gans v. Renshaw, 2 Pa. St. 34, 44 Am. Dec. 152. See also Cro. Eliz. 716.

The party first desiring to enforce performance is bound to regard his part of the contract as a condition precedent, and perform or tender performance. Irvin v. Bleakley, 67 Pa. 24.

That the defendant himself knew that he had to prepare a proper deed, signed and tendered, is shown by his own acts as far as they went. He had to do this, before he could ask for the purchase money. Mervin v. M'Fadden, 2 Watts, 132.

A purchaser of land is not bound to accept any deed. He is not bound to accept a deed in which there is a blank left for the consideration money, although the grantors, after the acknowl-

edgment of the deed, authorize their agent to fill up the blank (Moore v. Bickham, 4 Binn. 1); nor is he bound to accept a deed with an erasure. Markley v. Swartzlander, 8 Watts & S. 172.

The plaintiffs in this case had an undoubted right not merely to a good, but an indubitable title; such a title as is marketable. Swayne v. Lyon, 67 Pa. 436; Gans v. Renshaw, 2 Pa. St. 36, 37, 44 Am. Dec. 152.

A deed to the heirs of Henry Wise, without naming individuals, is void for uncertainty. Morris v. Stephens, 46 Pa. 200.

A vendee of land is not bound immediately to accept or refuse to accept a deed tendered to him; he may demand a reasonable time to examine it, or submit it to his counsel. And if a vendee refuses to accept a deed tendered to him for reasons well or ill founded, or without assigning any reason, he is not thereby deprived of the *locus pœnitentiæ* but may afterwards demand his deed. Wilson v. M'Neal, 10 Watts, 422.

Under the most stringent and literal construction of the words in the agreement by which Walker bound himself to convey to the said Wise, "his heirs and assigns," and the words by which Wise bound himself, "his heirs, executors, and administrators, or some of them," to pay the purchase money as therein provided, by the offer of the widow to step in, even without asking time to consult counsel, to take the deed in her own name and pay the purchase money right then, on the 1st of April, 1885, whether she be considered in the light of an heir in the estate of her husband or as administratrix, which latter she certainly was at that time, the plaintiffs complied with the very letter of their covenants; and it is equally plain that when the defendant, Walker, refused to make such a deed, he broke both the letter and the spirit of his undertaking under seal. The word "heirs" does not necessarily exclude the widow, "because that word has been held to mean such persons as would be entitled to the money, or the representatives by the law of the country." Gibbons v. Fairlamb, 26 Pa. 217; Patterson v. Hawthorn, 12 Serg. & R. 112; Buckley v. Reed, 15 Pa. 83.

Surely, after what occurred, the plaintiffs were justified in concluding that defendant meant not to convey the land; and from that time they had a right to consider the purchase and sale as rescinded and ask for a repayment of the money advanced on the faith of it.

Where a party to a contract by his acts or default renders the performance of the contract impossible, or if not wholly impossible, yet imposes such conditions upon its execution as to render its performance practically impossible, the other party may treat the same as rescinded. Seipel v. International Life Ins. & T. Co. 84 Pa. 47.

The plaintiffs being ready to comply with their part of the contract and the defendant not, they could rescind and recover back the money they had paid. Cleveland v. Sterrett, 70 Pa. 204.

They were in a position to rescind and recover back the money paid, without even tendering the balance of the money, which was only due on the completion of the contract. Crossgrove v. Himmelrich, 54 Pa. 203; Smethurst v. Woolston, 5 Watts & S. 106.

And this especially so, since Walker resumed the possession. American L. Ins. Co. v. McAden, 109 Pa. 399, 1 Atl. 256; Smethurst v. Woolston, 5 Watts & S. 109; Feay v. Decamp, 15 Serg. & R. 227.

We might concede for argument's sake that both parties were in default, and still this action on the common counts to recover back the money paid can be sustained. 1 Chitty, pl. *355.

There are cases where even the vendee was entirely in default; as, where he enters into a contract when grossly intoxicated, he is allowed to rescind the contract and recover back the money paid. Bush v. Breinig, 113 Pa. 310, 57 Am. Rep. 469, 6 Atl. 86.

Under no view will a court in equity allow a vendor to keep the land and retain the purchase money paid. Feay v. Decamp, 15 Serg. & R. 230.

The court at least should have left the question of rescission or abandonment of the contract to the jury. Grove v. Donaldson, 15 Pa. 128.

The court should have admitted the evidence that after April 1, 1885, Glick was the tenant of Walker and attorned to him, because such act was in direct disaffirmance of the contract and in affirmance of what the defendant said he would do if plaintiffs would not accept the defective deed tendered. Feay v. Decamp, 15 Serg. & R. 227.

The court erred in rejecting the record evidence going to

show that this property was encumbered on April 1, 1885, to a greater amount than the agreement provided might remain on the premises.

*J. Hay Brown* and *G. C. Kennedy,* for defendant in error.— The doctrine that where there is a scintilla of evidence it must be submitted to the jury is exploded. Howard Exp. Co. v. Wile, 64 Pa. 201.

If essential elements, indispensable to the plaintiff's right to recover, appear to be wanting in his case when he has given his evidence, the court commits no error in granting a nonsuit, either on motion or of its own accord. Irvin v. Bleakley, 67 Pa. 27.

Walker could not, after the death of Wise, have been called upon to perform his part of the contract by anybody except the heirs of Wise, acting for themselves or through their representatives. Neither could Walker tender performance to anybody excepting the heirs of Wise, nor demand the purchase money from any other person except the heirs or the administrators.

There is no evidence anywhere in the case that the heirs of Wise, or anybody representing them, have ever demanded of Walker a title to this property to this day, nor did the said heirs or anybody representing them or him ever tender performance of the covenants of the said articles of agreement. It is, therefore, clear that unless Walker voluntarily rescinded the contract the administrators are in default, can have no standing in this suit, and the nonsuit was properly entered by the court below.

The vendee must tender the unpaid purchase money as a general thing, whether he wishes to rescind or enforce the contract. This results from the principle that a party himself in default has no right to insist on rescission while he is in default. Irvin v. Bleakley, 67 Pa. 25.

In Hathaway v. Hoge, 1 Sad. Rep. 119, this court said: "The vendor of the land was ready and willing at all times to convey a good title, according to the terms of his contract. After the vendee had made several payments according to his agreement, he put it out of his power to fulfil the residue of his contract. His payments were voluntary. He then cannot rescind the contract and recover the sum which he had thus paid to the vendor. It matters not that the vendor might not have been compelled to perform his agreement, it is sufficient that he was ready and will-

ing to do so." See also Murray v. Ellis, 112 Pa. 485, 3 Atl. 845; Adams v. Williams, 2 Watts & S. 227.

There was no error in the refusal by the court to admit evidence of a mortgage standing against the property. Walker was not bound to remove it unless he was put upon doing so by the demands of the plaintiffs of performance and at the same time showing a readiness and willingness on their part to comply with their covenants. Irvin v. Bleakley, 67 Pa. 25; Hampton v. Speckenagle, 9 Serg. & R. 212, 11 Am. Dec. 704.

The question of rescission is the only point which could by any possibility be deemed to be sufficient to carry this case to the jury.

An action to recover purchase money on articles of agreement is in the nature of a bill for specific performance. Murray v. Ellis, 112 Pa. 485, 3 Atl. 845.

A decree of specific performance is of grace, not of right; and is awarded only to the purchaser who is eager, prompt and ready to perform. Washabaugh v. Stauffer, 81* Pa. 502.

PER CURIAM:

This suit was brought by the administrators of the equitable vendee, against the vendor. The heirs of the vendee are not a party to this action, and their interest in the land is not shown to have been legally devested by any evidence before us. It follows that there was no error in rejecting the evidence offered, and in ordering the nonsuit, and in refusing to take it off.

Judgment affirmed.